# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOHN LUKE WEBB, SR.,

        Defendant-Appellant.

UNPUBLISHED
October 16, 2014

No. 317045
Shiawassee Circuit Court
LC No. 12-004207-FC

Before: SAAD, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his convictions, following a jury trial, of six counts of first-degree criminal sexual conduct (CSC-1), MCL 750.520b(1)(b). He was sentenced to serve 225 to 480 months in prison. In addition, the court imposed lifetime electronic monitoring, at defendant's expense. We affirm.

## I. FACTUAL BACKGROUND

Complainant, defendant's nephew, testified that defendant had sexually abused him repeatedly during his early childhood. Complainant did not see defendant for several years after this abuse, but he testified that the abuse recommenced when he began to visit defendant's home again when he was thirteen years old. Complainant testified that defendant directed him to perform oral sex on him, and that defendant performed oral sex on complainant. Complainant also testified that on several occasions during his childhood, he was made to perform or simulate sex with defendant's stepdaughter, and on one occasion during complainant's adolescence, defendant directed his young teenage son to perform oral sex on complainant while defendant performed oral sex on his son. Both defendant's son and stepdaughter denied ever taking part in any sexual acts with complainant or defendant. Defendant also denied initiating or participating in any sexual acts with his children or with complainant.

Prior to trial, the prosecutor timely filed a notice of intent to present other acts evidence under MCL 768.27a. Pursuant to the statute, several male relatives of defendant testified at trial that, when they were children, defendant had asked them to expose their genitals to him, defendant had exposed his genitals to them, and/or defendant had fondled or inappropriately touched their genitals.

## I. ADMISSION OF TEXT MESSAGE EVIDENCE

-1-

Defendant first argues that the trial court erred in admitting evidence regarding his stepdaughter's text messages. A trial court's decision to admit or deny evidence is reviewed for an abuse of discretion. *People v Layher*, 464 Mich 756, 761; 631 NW2d 281 (2001).

While questioning defendant's stepdaughter, the prosecutor asked her about text messages she sent to her uncle in 2011 indicating that her stepfather had done some things to her. She testified that her stepfather had never sexually abused her, and that the text messages referred to her biological father. However, her text messages contradicted this testimony, and the prosecutor sought to introduce them as impeachment evidence. Defense counsel initially objected to the content of the messages as hearsay, but later withdrew his objection if the messages were being offered only for impeachment. The trial court ruled that the text messages were admissible, stipulating that they were to be used for the purpose of assisting the jury in assessing the witness's credibility.

Defendant argues that the court failed to limit the jury's use of the text messages to the narrow purpose of assessing his stepdaughter's credibility and improperly allowed the messages to be used as substantive evidence. The text messages contradicted defendant's stepdaughter's testimony that defendant had never touched her inappropriately or forced her to engage in inappropriate behavior with the complainant.

We conclude that the trial court was within its discretion in admitting the text messages for a limited purpose. An extrinsic prior inconsistent statement made by a witness is admissible if "the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require." MRE 613. In this case, the witness had the opportunity to explain or deny her text messages, and both parties had the opportunity to question her about the statements. Therefore, there was no error in admitting the text messages into evidence.

Defendant's corresponding argument that the court improperly admitted the text messages as substantive rather than impeachment evidence also lacks merit. Defendant's stepdaughter's credibility was reasonably called into question by a text message she sent to her uncle indicating that defendant hadn't touched her since she was a very young child, which contradicted her testimony that defendant had never behaved inappropriately towards her or required her to do inappropriate things with complainant. The trial court reasonably determined that the text messages were admissible to aid the jury in assessing defendant's stepdaughter's credibility. The court did not err by admitting the text messages for this narrow purpose, and defendant has not presented any evidence that the messages were improperly used by the jury.

Defendant also argues that the trial court erred by allowing the jury to receive a transcript of the impeachment text messages. Even if giving a transcript to the jury was error, we conclude that the error would not require reversal. An error is not a ground for reversal unless, based on all the evidence, "it is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999). In this case, there was sufficient evidence to convict defendant without the transcript of the text messages. The stepdaughter's testimony had informed the jury of the credibility issue raised by the text messages, and complainant's testimony established the elements of the charged crimes. Moreover, the testimony of other male

relatives corresponded to complainant's testimony. Accordingly, any error in admitting a transcript of the text messages does not require reversal.

## III. OTHER ACTS EVIDENCE

Defendant objected to the prosecutor's notice of intent to present other acts evidence under MCL 768.27a, arguing that testimony about the other acts would confuse the jury. Defense counsel also argued that the other acts were too dissimilar to the charged offenses to be relevant. The circuit court admitted the evidence following an offer of proof and found that the other acts evidence did not have to be "an exact replica [of the charged offenses], or an exact same type of transaction. We're talking about the same class of criminal conduct, whether we are specifically discussing penetration as is charged in this case, or accosting."

Defendant argues first that the other acts evidence was improperly used by the prosecutor at trial because the court admitted it for the limited purpose of helping the jury to assess complainant's credibility, not to assess defendant's propensity to commit the charged offenses. The record is clear, however, that the court retracted its instruction limiting the purpose for which the jury could consider the evidence.

Defendant argues next that the evidence should have been excluded under MRE 403 because it was more prejudicial than probative, and because it violated the prohibition in MRE 404(b) against admission of other acts evidence. Our Supreme Court has recognized that MCL 768.27a "establishes an exception to MRE 404(b) in cases involving a charge of sexual misconduct against a minor." *People v Watkins*, 491 Mich 450, 471; 818 NW2d 296 (2012). The Court held further that the statute prevails over the court rule "because it does not impermissibly infringe on this Court's authority regarding rules of practice and procedure under Const 1963, art 6, § 5." *Id.* at 455-456. Therefore, the trial court's decision to admit other acts evidence under MCL 768.27a did not violate MRE 404(b). However, the Court in *Watkins* held that evidence admissible under MCL 768.27a was subject to the requirement in MRE 403 that evidence must be more probative than prejudicial in order to be admissible. *Id.* at 456. In that regard, the propensity inference, which is prejudicial by nature, had to be weighed in favor of probative value. 491 Mich at 486-487. Moreover, the extent to which other acts evidence supports the victim's credibility must be weighed in favor of probative value. See 491 Mich at 492. Considerations that might subject such evidence to exclusion included but were not limited to the following:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [491 Mich at 487-488.]

In the instant case, the trial court heard testimony from three of the four additional alleged victims before determining whether to admit the other acts evidence. The court concluded that the acts alleged by the victims were similar enough to complainant's testimony to be useful to the jury in deciding the case. Defendant has not shown that this decision was an

abuse of the court's discretion. Each of the alleged victims was a young male relative of defendant when the abuse allegedly occurred, and each victim testified that defendant found a way to be alone with them when it happened. Defendant also told two of the victims not to tell anyone about his actions or to keep it their secret, and three of the victims, including complainant, testified that defendant abused them while he bathed them or assisted his wife in bathing them. As the trial court noted, the statute does not require the other acts to be identical in nature to the charged offenses; rather, the statute provides that a "listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." MCL 768.27a(1). Although none of the other victims alleged that penetration occurred, three of the victims testified that defendant engaged in criminal sexual contact with them. Moreover, defendant's credibility was an issue in this case and the inference of defendant's propensity towards this behavior was highly probative of credibility. Defendant has not shown that this evidence was more prejudicial than probative, and because this evidence was admissible under MCL 768.27a, defendant's right to a fair trial was not violated by the court's decision.

## IV. SECOND HABITUAL OFFENDER

Defendant was sentenced as a second habitual offender to serve 225 months to 480 months in prison. Under the sentencing guidelines, the sentence for these charges for a non-habitual offender is 108 to 180 months. MCL 777.62. Our Supreme Court has held that a trial court does not abuse its discretion by imposing "a sentence within the statutory limits established by the Legislature when an habitual offender's underlying felony, in the context of his previous felonies, evidences that the defendant has an inability to conform his conduct to the laws of society." *People v Hansford (After Remand)*, 454 Mich 320, 326; 562 NW2d 460 (1997). Defendant argues that his sentence was an abuse of discretion because under *Hansford*, an enhanced sentence for a habitual offender is only proper when a defendant's prior felony conviction was related to the conviction underlying his sentence.

We agree that defendant's prior conviction for resisting and obstructing is not similar to his current convictions. However, there is no requirement in the habitual offender statute, MCL 769.10, that a defendant's previous felony be related to his subsequent felonies in order for the sentencing court to sentence the defendant as a habitual offender. Under the statute, if a person has been convicted of a felony, or an attempt to commit a felony, and "the subsequent felony is punishable upon a first conviction by imprisonment for a term less than life," the court may "sentence the person to imprisonment for a maximum term that is not more than 1-1/2 times the longest term prescribed for a first conviction of that offense or for a lesser term." MCL 769.10(1)(a). Although case law may suggest that enhanced sentences are appropriate where a defendant's prior felony conviction is related to his current conviction, the statute makes no such stipulation. Therefore, the circuit court did not abuse its discretion by enhancing defendant's sentence, despite the fact that his prior conviction bore no relationship to his current ones because such a relationship was not required by the statute.

## V. LIFETIME ELECTRONIC MONITORING

Defendant argued at sentencing that the circuit court's imposition of lifetime electronic monitoring was an invalid *ex post facto* punishment because the governing statute, MCL 750.520n, was enacted on August 28, 2006, and defendant's offenses may have ended prior to

this date based on complainant's testimony.  The prosecutor acknowledged that complainant's testimony regarding the dates of the abuse was vague, but noted that complainant testified at the preliminary examination that the last incident occurred in the fall of 2006.  Defense counsel agreed that complainant had testified that the abuse occurred in the fall, but objected that "fall" was too vague to ascertain complainant's intended meaning.  The trial court found that lifetime electronic monitoring was appropriate based on the testimony and in light of defense counsel's admission.  The court did not err by relying on complainant's preliminary examination testimony as to when the abuse took place and by finding that complainant's use of "fall" referred to a period after the enactment of MCL 750.520n.  The court's decision was not an abuse of its discretion.

Affirmed.

/s/ Henry William Saad
/s/ Peter D. O'Connell
/s/ Christopher M. Murray